ZACHARIAH MANGUN *vs.* JAMES G. WEBSTER AND JOHN H. BAYNE, ADM'RS OF MARY WILLING.—*December* 1848.

Under the act of 1813, ch. 165, executors and administrators, to whom letters are granted in the *District of Columbia,* may maintain actions, and recover claims, in *Maryland,* as if authorised by the courts of this State.

Copies of their letters testamentary, or of administration, under the seal of the authority granting the same, are sufficient evidence to prove the grant thereof.

The orphans court of *Washington* county, in the *District of Columbia,* being created under a public statute of the *United States,* any judicial tribunal of *Maryland,* acting under the act of 1813, may judicially recognize the seal of the said court, without requiring any proof of its genuineness, or indentity, other than that afforded by the inspection thereof.

Declarations of one of the administrators of an intestate, made after his decease, but before the grant of letters of administration, are not evidence against the intestate's estate; and the fact that such administrator is interested in the distribution of the estate, does not make any difference in the application of the above rule.

The case of *Dent vs. Dent,* 3 *Gill,* 482, is not in conflict with *Davis vs. Calvert,* 5 *G. & J.,* 269.

APPEAL from *Prince George's* county court.

This was an action of *replevin,* brought on the 7th January 1847, by the appellants against the appellee, to recover two negro slaves, *Tom* and *Aaron,* the property of *Mary Willing,* in her lifetime. The appellant pleaded *non cepit,* property in himself, in a stranger, and also limitations. On these pleas issues were joined. The verdict was for the plaintiff.

At the trial of this cause, the plaintiff offered evidence to the jury, tending to prove title in their intestate, *Mary Willing,* to the property in dispute in this cause, and then, by agreement with the defendants, to offer proof of their being administrators, notwithstanding there was no such issue in the cause, they

offered, for the purpose of proving themselves to be administrators of *Mary Willing*, the following paper, to wit :

"UNITED STATES OF AMERICA,

*Washington county, District of Columbia, to wit :*

To all to whom these presents shall come, greeting : Know ye, that on the first day of December, in the year of our Lord 1846, letters of administration of all and singular, the goods, chattels, and credits, which were of *Mary Willing*, late of *Washington* county, *D. C.*, deceased, was, by the orphans court of *Washington* county aforesaid, granted and committed unto *James G. Webster* and *John H. Bayne*, of the county and district aforesaid, they having first entered into bond, with approved securities, for the faithful performance of the duties thereof.

Witness *Nath'l P. Causin, Esq'r,* judge of the orphans court of *Washington* county, *District of Columbia,* this fifth day of December, anno Domini, 1848.

( Seal. )

Test,—ED. N. ROACH, Register of Wills."

But offered no proof of the *seal* of the said orphans court, or of the *signature* of said *Nath'l Pope Causin,* other than the paper imports. The defendant objected to the admissibility and sufficiency of the evidence, for the purpose for which it was offered, but the court, (MAGRUDER, C. J., and CRAIN, A. J.,) overruled the objection, and permitted the evidence to go to the jury. The defendant excepted.

2ND EXCEPTION. After the preceding evidence had been offered to the jury, and which, by agreement, is made part of this, the defendant, to maintain the issues joined on his part, offered to prove to the jury, that since the death of the said *Mary Willing,* and before the grant of the above letters of administration to the plaintiffs, one of them, *James G. Webster,* stated to the witnesses, (in reply to enquiry, what would become of a single daughter of the said deceased,) that he, the said *Webster,* did not know, that every thing depended on *Mr. Mangun,* the defendant, as all the property in *Mr. Willing's* possession belonged to him, the negroes in controversy having been in her possession when she died. The defendant also, at

the same time, offered to prove, that said *Webster* married one of the daughters of the said *Mary Willing*, prior to December session 1842, who is now alive. The plaintiffs objected to the admissibility of such evidence. The court sustained the objection, and rejected all the evidence offered by the defendant. The defendant excepted.

The defendant below prosecuted this appeal.

The cause was argued before DORSEY, C. J., SPENCE, MARTIN and FRICK, J.

By TUCK for the appellant, and
By T. F. BOWIE for the appellees.

DORSEY, C. J., delivered the opinion of this court.

Two bills of exceptions were taken by the appellant on the trial in the court below; the isolated question raised by the first of which was, whether the paper purporting to be the certified copy of the letters of administration, granted to the appellees' by the orphans court of *Washington* county, *District of Columbia*, was admissible in evidence to the jury, without its being first proved, that the seal attached to said paper, was the seal of the said orphans court.

By the act of the General Assembly of *Maryland*, passed at December session 1813, ch. 165, persons to whom letters testamentary or of administration were granted in the *District of Columbia*, were authorised "to maintain any suit or action, and to prosecute and recover any claim in this State, in the same manner as if the letters testamentary or of administration had been granted to such person or persons by the proper authority in this State; and the letters testamentary or of administration, or a copy thereof, certified under the seal of the authority granting the same, shall be sufficient evidence to prove the granting thereof, and that the person or persons, as the case may be, hath or have administration."

The orphans court of *Washington* county, in the *District of Columbia*, being created under a public statute, an act of the Congress of the *United States*, it was perfectly competent for any judicial tribunal of *Maryland*, before which

any suit might be prosecuted, in virtue of the above mentioned act of Assembly, judicially to recognise the seal of the said court, without requiring or receiving any proof of its genuineness or identity, other than that afforded by the inspection thereof. See 1 *Greenleaf's Ev.*, sec. 503. In respect to the proof of their authority, it was the design of the act of 1813, to place executors and administrators, commissioned in the *District of Columbia*, in precisely the same condition with those possessing like authority under the orphans courts of the several counties of this State. With equal reason, with that relied on by the appellant in this bill of exceptions, might it be insisted, that the courts of law of this State, could not receive in evidence any certified copy of the proceedings of an orphans court of this State, until other evidence of the genuineness of its seal had been offered, than that afforded by the court's inspection of the seal itself.

The only question raised by the second bill of exceptions, was, whether declarations of one of the administrators of the intestate, made after her decease, but before the granting of letters of administration on her estate, were evidence against the appellees in the trial of this cause? The inadmissibility of such testimony had been so recently adjudicated by this court, in the case of *Dent's administratrix vs. Dent*, reported in 3 *Gill's Rep.*, 482, that we felt disposed to regard the point as one no longer open for discussion. But it is insisted on behalf of the appellant, that the decision in the case of *Dent vs. Dent*, is opposed to that made by this court, in the case of *Davis vs. Calvert, et al.*, 5 *Gill & John.*, 269; and has a further discriminating circumstance in it, viz., that at the time of the declarations made by *Webster*, the administrator, he was the husband of one of the daughters, and distributees of the intestate. The latter circumstance gives no additional sanction to the testimony, as it surely could not be contended, that the declarations or admissions made by a distributee, either before or after the granting of letters of administration, are competent testimony against the administrator. The ruinous consequences resulting to creditors and others interested in the intestate's estate, by the admission of such testimony, would, on a mo

ment's reflection, readily present themselves to the mind of any one at all familiar with such subjects.

It is a mistake to suppose there is any contradiction or inconsistency in the opinions of this court, in the cases of *Dent and Dent*, and *Davis and Calvert, et al.* In the latter case, where such declarations were admitted, no letters testamentary or of administration had been granted, and the person against whom his declarations were received, appeared upon the record in the trial of the cause, in precisely the same character in which he had stood at the time the declarations were made by him. There is consequently no analogy between the two cases.

Concurring with the county court in its decisions in both bills of exceptions, its judgment is affirmed.

JUDGMENT AFFIRMED.